IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEWART ABRAMSON on behalf of himself and others similarly situated, | : : : |
| Plaintiff, | : Case No. : |
| v. | : : : |
| DISCOUNT POWER, INC. | : : |
| Defendant. | : : / |

## CLASS ACTION COMPLAINT

**Preliminary Statement**

1. Plaintiff Stewart Abramson ("Plaintiff" or "Mr. Abramson") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, Discount Power, Inc. ("Discount Power") sent pre-recorded robocalls for the purposes of advertising their goods and services to sell their residential energy services to putative class members, including the Plaintiff Mr. Abramson.

3. Mr. Abramson never consented to receive the call, and it was placed to him for telemarketing purposes.  Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Abramson brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Discount Power.

4.      A class action is the best means of obtaining redress for Discount Power's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff Stewart Abramson is a resident of the state of Pennsylvania.

6.      Defendant Discount Power, Inc. is a Connecticut corporation that has its principal office in this District and a registered agent of Nancy A.D. Hancock, c/o Pullman & Comley, LLC, 850 Main St., Bridgeport, CT 06604.

## Jurisdiction & Venue

7.      The Court has federal question subject matter jurisdiction over these TCPA claims.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8.      Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) because the Defendant is a resident of this district. Venue is also proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred when Discount Power made, or commissioned, the telemarketing calls that gave rise to the Plaintiff's claims.

## TCPA Background

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10.     Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

11. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

12. The TCPA contains a private right of action for the sending of these calls, and provides that a recipient can sue the violator and seek statutory damages as well as injunctive relief. 47 U.S.C. § 227(b)(3).

## Factual Allegations

13. Mr. Abramson is a "person" as defined by 47 U.S.C. § 153(39).

14. Discount Power engages in telemarketing in an effort to obtain new customers.

15. In fact, Discount Power's website contains their "Do Not Call Policy" because they engage in widespread telemarketing efforts. *See* https://discountpowerinc.com/dnc (Last Visited April 20, 2018).

16. On March 16, 2018, Mr. Abramson received an automated call to his residential telephone number, (412)-362-XXXX. The caller delivered a prerecorded message informing Mr. Abramson that he could be eligible for a fifteen percent discount on his electric bill, and it asked Mr. Abramson to press five to speak with a live agent.

17. The caller ID number for the telemarketing call that Mr. Abramson received on March 16, 2018 was "spoofed" to be 412-177-4313, which was not a working telephone number.

18. Companies that engage in telemarketing use "spoofed" numbers from local area codes hoping that it will prompt more individuals to answer the call.

19. However, it is a violation of the TCPA to not identify the company who is making the call.

20. In order to find out who had called him, Mr. Abramson pressed five in response to the prerecorded message that he received on March 16, 2018. Mr. Abramson spoke with a telemarketing agent who said that he was with Discount Power.

21. On March 27, 2018, Mr. Abramson received an automated call to his residential telephone number 412-361-XXXX. The caller delivered what Mr. Abramson believes was an identical prerecorded message to the one that he received on March 16, 2018, except that this time the caller delivered the prerecorded message to Mr. Abramson's voice mail.

22. The prerecorded message said: "electricity bill on time, you may be eligible for a fifteen percent discount and a lower rate. Press five to speak with a live agent to see if you qualify. That's the digit five. Please press it now."

23. The caller ID number for the telemarketing call that Mr. Abramson received on 3/27/18 was "spoofed" to be 412-908-4609, which was not a working telephone number.

24. Unfortunately, the Plaintiff's experience with Discount Power is not unique:

> Earlier this year 2015 I was misled by Discount Power (to whom I never gave my telephone number or permission to call me) who assured me they were working on behalf of **************** in lowering my rate of electricity supplied . . . .

https://www.bbb.org/connecticut/business-reviews/electric-companies/discount-power-inc-in-shelton-ct-87073684/reviews-and-complaints (Last Visited April 20, 2018)

25. Mr. Abramson wrote to Discount Power asking if it had any evidence of his consent to receive the unwanted call at issue. Discount Power did not respond.

26. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

27. To the extent Defendant contends that they obtained consent or agreement from Plaintiff and the class members for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that such records be maintained. In any event, consent is an affirmative defense under the TCPA, and is unavailable unless Defendant can show that they had it. They did not, even though the Plaintiff contacted Defendant inquiring about the calls before filing this lawsuit.

## Class Action Allegations

28. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

29. The class of persons Plaintiff proposes to represent is tentatively defined as:

> All persons within the United States whose residential phone were sent a pre-recorded telemarketing call from, or on behalf of, the Defendant within the four years before the filing of the initial Complaint through the date of classes certification.

30. Excluded from the class is Discount Power, and any entities in which Discount Power has a controlling interest, Discount Power's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

31. The class as defined above is identifiable through phone records and phone number databases.

32. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

33. Plaintiff is a member of the class.

34. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

   a. Whether Discount Power violated the TCPA by calling individuals with a pre-recorded message;

   b. Whether Discount Power placed calls without obtaining the recipients' prior consent for the call;

   c. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Discount Power' actions.

35. Plaintiff's claims are typical of the claims of class members.

36. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

37. The actions of Discount Power are generally applicable to the classes as a whole and to Plaintiff.

38. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

39. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

40. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Pre-Recorded Call provisions

41. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42. The Defendant violated the TCPA by (a) initiating pre-recorded telephone solicitations to residential telephone numbers, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(b).

43. The Defendant's violations were willful and/or knowing.

**Relief Sought**

For himself and all class members, Plaintiff requests the following relief:

A. Injunctive relief prohibiting the use of pre-recorded messages by Discount Power;

B. Because of Discount Power's willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500 for every call that violated the TCPA;

C. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

D. An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

E. Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF, STEWART ABRAMSON

By:       /s/ Todd R. Michaelis (ct28821)
Todd R. Michaelis (ct28821)
Carmody Torrance Sandak & Hennessey LLP
50 Leavenworth Street
Waterbury, CT  06721
Tel: 203-573-1200
Fax: 203-575-2600
tmichaelis@carmodylaw.com

Anthony I. Paronich (*Subject to pro hac vice*)
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110
Telephone: (508) 221-1510
anthony@broderick-law.com

Matthew P. McCue (*Subject to pro hac vice)*
The Law Office of Matthew P. McCue

                1 South Avenue, Suite 3
                Natick, Massachusetts 01760
                (508) 655-1415
                mmccue@massattorneys.net

                His Attorneys.